UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-cr-90 (RWP)

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ROBERT IVERS,

        Defendant.

**GOVERNMENT'S MOTION FOR COMPETENCY EVALUATION OF DEFENDANT**

"Due process prohibits the trial and conviction of a defendant who is mentally incompetent." *Vogt v. United States*, 88 F.3d 587, 590 (8th Cir. 1996) (citing *Drope v. Missouri*, 420 U.S. 162, 172 (1975)). The requirement for ensuring a criminal defendant is competent includes supervised-release proceedings, and the procedures for determining competence, are codified at 18 U.S.C. § 4241 *et. seq*. The government has a good faith doubt as to the defendant's competence and, therefore, moves this Court to order a competency evaluation.

## I.    Legal framework

A defendant is not competent if "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense." 18 U.S.C.

§ 4241(d). Title 18, United States Code, Section 4241(a), provides:

> At any time after the commencement of a prosecution for an
> offense and prior to the sentencing of the defendant, or at any time
> after the commencement of probation or supervised release and
> prior to the completion of the sentence, the defendant or the
> attorney for the government may file a motion for a hearing to
> determine the mental competency of the defendant. The court shall
> grant the motion, or shall order such a hearing on its own motion,
> if there is reasonable cause to believe that the defendant may
> presently be suffering from a mental disease or defect rendering
> him mentally incompetent . . . .

18 U.S.C. § 4241(a). While the statute speaks in permissive terms, an

attorney's duty as an officer of the court requires an attorney to raise

competency issues where there is a good faith doubt about a defendant's

competence. *See* ABA Criminal Justice Mental Health Standard 7-4.2.

A defendant is not competent if "the defendant is presently suffering

from a mental disease or defect rendering him mentally incompetent to the

extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense." 18 U.S.C.

§ 4241(d). Accordingly, the test for competency has two prongs: "(1) whether

'the defendant has a rational as well as factual understanding of the

proceedings against him,' and (2) whether the defendant 'is able to consult with

his lawyer with a reasonable degree of rational understanding.'" *United States

v. Ghane*, 593 F.3d 775, 779 (8th Cir. 2010) (quoting *United States v. Denton*,

434 F.3d 1104, 1112 (8th Cir. 2006)); *see also United States v. Rickert*, 685 F.3d 760, 765 (8th Cir. 2012) (applying this standard to competency to be sentenced). A district court must grant a motion for a competency hearing where there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a); *see also United States v. Mueller*, 661 F.3d 338, 353 (8th Cir. 2011).

### A. Reasonable cause exists.

This Court is well familiar with the facts and circumstances that gave rise to the defendant's conviction, as well as with his conduct while on supervised release. Most recently, the Eighth Circuit reversed the defendant's sentence upon the third revocation of his supervised release. *United States v. Ivers*, 44 F.4th 753 (8th Cir. 2022). The defendant then refused to participate in the process that would have resulted in resolving the pending revocation petition. Furthermore, when preparing to leave the custody of the Bureau of Prisons last week, prison officials observed a large quantity of drawings and writings deemed to be contraband; namely dozens of pages of musings regarding the defendant's desire to murder federal judges. When confronted about these items being contraband, the defendant insisted those items were, in fact, "legal mail that he needed to show the judge." In the government's assessment, if the defendant understood the nature of the proceedings and the

consequences of his actions, he would not have acted so contrary to his own self-interests.

Because there is reasonable doubt as to the defendant's competency, this Court should order a competency hearing.

**B. The defendant should be examined at a BOP facility.**

This Court should grant the government's motion and order the defendant to be examined by a government expert prior to the hearing. 18 U.S.C. § 4241(b); *United States v. Henriques*, 698 F.3d 673, 674 (8th Cir. 2012) (stating a district court may commit a defendant to a proper institution for a psychological examination) (citing *United States v. Millard-Grasshorn*, 603 F.3d 492, 493 (8th Cir. 2010)).[1] An in-custody examination will better ensure the defendant's participation, which based on the defendant's history of non-compliance, is far from assured. That, in turn, will expedite the competency process and avoid potential delay in resolving the defendant's outstanding petition on supervised release. It will also best protect the community in light of the risk of danger that the defendant presents. Further, by its nature, an in-custody evaluation is likely to be more comprehensive than an out-of-custody

---

[1] Ivers was ordered detained pending his final revocation hearing. Even if this Court were to revisit that detention order, an in-custody examination would still be appropriate, though a detention hearing concerning the need to detain the defendant for the competency examination would be required at that point. *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012).

evaluation. Finally, BOP psychologists and psychiatrists are experienced in conducting competency examinations and have developed an expertise in the field upon which courts may justifiably confidence. *See United States v. Zhou*, 428 F.3d 361, 380 (2d Cir. 2005) (holding that a district court evaluating competency may reasonably "rely on the expertise of a forensic psychologist associated with the [BOP]" who is "presumably familiar with patients similarly situated.").

**C. Conclusion:  A competency hearing should be granted.**

Title 18, United States Code, Section 4241 requires a court to hold a hearing if it has determined there is enough of doubt regarding the defendant's competency. *See* 18 U.S.C. § 4241(b) ("The hearing shall be conducted pursuant to the provisions of section 4247(d)."). That standard is met here, and this Court should grant the government's motion.

Dated: November 16, 2022               Respectfully submitted,

                                       ANDREW M. LUGER
                                       United States Attorney

                                       *s/ Lisa D. Kirkpatrick*

                                       BY: LISA D. KIRKPATRICK
                                       Assistant U.S. Attorney
                                       Attorney ID No. 17399
                                       Email: lisa.kirkpatrick@usdoj.gov